**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPARK NETWORK SERVICES, INC., | Case No.  07 CV 570 |
| Plaintiff, | |
| v. | Judge Joan B. Gottschall |
| MATCH.COM, LP, eHARMONY.COM, AND YAHOO!, INC., | |
| Defendants. | |
| eHARMONY.COM., | |
| Counterclaimant, | |
| v. | |
| SPARK NETWORK SERVICES, INC., | |
| Counter-Defendant. | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
DEFENDANT EHARMONY.COM TO COMPLAINT OF
PLAINTIFF SPARK NETWORK SERVICES, INC.**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant

eHarmony.com ("eHarmony") answers the Complaint of Plaintiff Spark Network Services, Inc.

(the "Complaint") for itself, and no other entity, as follows:

**NATURE OF LAWSUIT**

1.      This is a claim for patent infringement arising under the patent laws of the
United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the
subject matter of this Complaint under 28 U.S.C. § 1338(a).

**ANSWER:**    In response to paragraph 1 of the Complaint, eHarmony admits

that plaintiff Spark Network Services, Inc. ("SNS") purports to assert a claim for patent

infringement pursuant to Title 35 of the United States Code.  eHarmony admits that this Court

has subject matter jurisdiction over patent infringement claims under 28 U.S.C. § 1338(a).

Except as expressly so admitted, eHarmony otherwise denies each and every allegation

contained in paragraph 1 of the Complaint.

## PARTIES

2.      Spark is an Illinois corporation having its principal place of business in
this judicial district at 2720 river Road, Des Plaines, Illinois.

**ANSWER:**    eHarmony lacks knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore

denies those allegations.

3.      Spark owns all rights, title and interest in, and has standing to sue for
infringement of, United States Patent No. 6,272,467 B1 (the '467 patent), entitled "System for
Data collection and Matching Compatible Profiles", attached as Exhibit A.

**ANSWER:**    eHarmony admits that the United States Patent Number 6,272,467

B1 ("'467 patent"), attached to the Complaint as Exhibit A, is entitled "System for Data

Collection and Marketing Compatible Profiles."  eHarmony lacks knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 3 of the

Complaint, and therefore denies those allegations.

4.      Match.com is a Delaware corporation; its principal place of business is
located at 8300 Douglas Avenue, Dallas, Texas 75225

**ANSWER:**    eHarmony lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies

those allegations.

5.    eHarmony.com is a California corporation; its principal place of business is located at 300 N. Lake Avenue, Pasadena, California, 91101.

**ANSWER:**    eHarmony admits that it is a California corporation, with its

principal place of business in Pasadena, California.  eHarmony denies the remaining allegations

of paragraph 5 of the Complaint.

6.    Yahoo is a Delaware corporation; its principal place of business is located at 701 First Avenue, Sunnyvale, California, 94089.

**ANSWER:**    eHarmony lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies

those allegations.

## VENUE

7.    Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Defendants transact business in this judicial district by selling infringing products and services in such a way as to directly reach and interact with customers in this judicial district.

**ANSWER:**    In response to paragraph 7 of the Complaint, eHarmony admits, for

purposes of this action, that it transacts business in this judicial district.  Except as expressly

admitted, eHarmony otherwise denies each and every allegation contained in paragraph 7 of the

Complaint, and therefore denies those allegations.

## CLAIMS

8.    Match.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. Match.com's infringement is covered by at least claims 1,2,8,9, and 20 of the '467 patent.

**ANSWER:**    eHarmony lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 8 of the Complaint, and therefore denies

those allegations.

OHS West:260192827.4

9.      eHarmony.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. eHarmony.com's infringement is covered by at least claims 1,2,8,9 and 20 of the '467 patent.

**ANSWER:**    eHarmony specifically denies the allegations contained in

paragraph 9 of the Complaint, and therefore denies those allegations.

10.     Yahoo has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility.  Yahoo's infringement is covered by at least claims 1,2,8,9, and 20 of the '467 patent.

**ANSWER:**    eHarmony lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies

those allegations.

11.     Defendants' infringement has injured Spark, and Spark is entitled to recover damages sufficient to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**    In response to paragraph 11 of the Complaint, eHarmony

specifically denies each and every allegation contained therein insofar as they pertain to

eHarmony.  With respect to the remaining allegations of paragraph 11 of the Complaint,

eHarmony lacks sufficient information regarding the activities of any other entity on which to

form a belief as to their truth, and therefore denies those allegations.

12.     Defendants' infringement of the '467 patent has been willful and deliberate.

**ANSWER:**    In response to paragraph 12 of the Complaint, eHarmony

specifically denies each and every allegation contained therein insofar as they pertain to

eHarmony.  With respect to the remaining allegations of paragraph 12 of the Complaint,

eHarmony lacks sufficient information regarding the activities of any other entity on which to

form a belief as to their truth, and therefore denies those allegations.

OHS West:260192827.4

13.    Defendants' infringement has injured, and will continue to injure Spark unless and until this Court enters an injunction prohibiting further infringement of the '467 patent.

**ANSWER:**    In response to paragraph 13 of the Complaint, eHarmony specifically denies each and every allegation contained therein insofar as they pertain to eHarmony.  With respect to the remaining allegations of paragraph 13 of the Complaint, eHarmony lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and therefore denies those allegations.

14.    Spark has, at all times, complied with the requirements of 35 U.S.C. §287.

**ANSWER:**    eHarmony currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Complaint, eHarmony alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Non-infringement under 35 U.S.C. § 271(a))

1.    eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint.

2.    eHarmony has not in the past, and does not presently infringe, any claim of the '467 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
#### (Non-infringement under 35 U.S.C. §§ 271(b) & (c))

3.    eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 and 2 of its Affirmative Defenses.

OHS West:260192827.4

4.     eHarmony has not in the past and is not now inducing or contributing to the infringement of the '467 patent by others.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

5.     eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 through 4 of its Affirmative Defenses.

6.     The '467 patent is invalid as not satisfying the conditions of patentability set forth in Part II of Title 35 of the United States Code, *inter alia*, Section Nos. 101, 102, 103, and/or 112, and SNS's claims for relief are thus barred in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches, Waiver and Estoppel)

7.     eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 through 6 of its Affirmative Defenses.

8.     SNS's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

9.     eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 through 8 of its Affirmative Defenses.

10.     By reason of the proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the application which resulted in the issuance of the '467 patent, namely the admissions, representations and amendments made by or on behalf of the applicants during the prosecution of that application, SNS is estopped from asserting that any eHarmony product, process, or method infringes any claim at the '467 patent.

OHS West:260192827.4

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation of Damages/Failure to Mark)

11.    eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 through 10 of its Affirmative Defenses.

12.    SNS's claims for relief and prayer for damages are limited by 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

13.    eHarmony hereby incorporates by reference its Answer to paragraphs 1 through 14 of the Complaint, and paragraphs 1 through 12 of its Affirmative Defenses.

14.    SNS's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## eHARMONY'S COUNTERCLAIMS AGAINST PLAINTIFF SNS

For its counterclaims against SNS, eHarmony alleges as follows:

### THE PARTIES

1.    eHarmony is a California corporation with its principal place of business in Pasadena, California.

2.    Upon information and belief, SNS is an Illinois corporation with its principal place of business in Des Plaines, Illinois.

### JURISDICTION AND VENUE

3.    The counterclaims are filed and these proceedings are instituted against SNS under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

- 7 -

OHS West:260192827.4

4. This Court has original jurisdiction over the patent counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

6. There is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between eHarmony and SNS with respect to whether the '467 patent is valid and has been directly or indirectly infringed by eHarmony, either literally or by virtue of the doctrine of equivalents, resulting in alleged liability for infringement thereof.

## FIRST COUNTERCLAIM FOR AFFIRMATIVE RELIEF
### (Declaratory Judgment of Invalidity)

7. eHarmony realleges and incorporates Paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. Each claim of the '467 patent is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM FOR AFFIRMATIVE RELIEF
### (Declaratory Judgment of Noninfringement)

9. eHarmony realleges and incorporates Paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. eHarmony has not infringed and is not now infringing any claim of the '467 patent either literally or under the doctrine of equivalents.

11. eHarmony has not and is not now inducing or contributing to the infringement of any claim of the '467 patent by others, either literally or under the doctrine of equivalents.

OHS West:260192827.4

## PRAYER FOR RELIEF

WHEREFORE, defendant eHarmony prays for judgment as follows:

A.    That the Court enter judgment in favor of eHarmony and against plaintiff

SNS;

B.    That the Court enter declaratory judgment that no claim of the '467 patent

is directly or indirectly infringed by eHarmony, either literally or by under the doctrine of

equivalents;

C.    That the Court enter declaratory judgment that the claims of the '467

patent are invalid;

D.    That SNS take nothing by its Complaint against eHarmony;

E.    That the Court deny any and all of plaintiff SNS's requests for injunctive

relief;

F.    That the Court dismiss entirely and with prejudice, all of the claims

plaintiff SNS levied against eHarmony in the Complaint;

G.    That eHarmony be awarded its costs of suit incurred in this action; and

H.    Granting eHarmony such other relief as the Court deems just and proper.

OHS West:260192827.4

## JURY DEMAND

eHarmony hereby demands a trial by jury on all issue so triable.

Dated: March 23, 2007                    Respectfully submitted,

                                            s/ Jennifer M. Kurcz_____
Leif R. Sigmond, Jr. (ID No. 6204980)
S. Richard Carden (ID No. 6269504)
Jennifer M. Kurcz (ID No. 6279893)
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Chris R. Ottenweller (*pro hac vice* pending)
Matthew J. Hult (*pro hac vice* pending)
Chester W. Day (*pro hac vice* pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400 (telephone)
(650) 614-7401 (facsimile)

**Attorneys for Defendant and Counterclaimant eHarmony.com.**

OHS West:260192827.4

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, a true and correct copy of the foregoing NOTICE OF

PRESENTMENT OF MOTION was filed electronically with the Clerk of Court and caused to be served

via the Court's electronic filing system on:

Paul K. Vickrey
vickrey@nshn.com
Raymond P. Niro, Jr.
rnirojr@nshn.com
Frederick C. Laney
laney@nshn.com
Niro, Scavone, Haller & Niro
181 W. Madison Stree—Suite 4600
Chicago, IL 60602-4515
Telephone: 312-236-0733
Fax: 312-236-3137
*Counsel for Plaintiff SNS*

Craig Allen Varga
cvarga@vblhc.com
Elizabeth Barry
ebarry@vblhc.com
Varga, Berger, Ledsky, Hayes & Casey
224 South Michigan Avenue
Suite 350
Chicago, IL 60604
(312) 341-9400
*Counsel for Defendant Match.com LP*

William H. Frankel
wfrankel@usebrinks.com
Jason C. White
jwhite@usebrinks.com
Stephanie Joy Felicetty
sfelicetty@usebrinks.com
Brinks, Hofer, Gilson & Lione
455 North Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611-5599
(312) 321-4200
*Counsel for Defendant Yahoo!, Inc.*

_____s/ Jennifer M. Kurcz_____
One of the Attorneys for eHarmony.com

- 11 -