IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPARK NETWORK SERVICES, INC., ) | |
| ) | Civil Action No. 07 cv 570 |
| Plaintiff, ) | |
| ) | |
| v. ) | Honorable Joan B. Gottschall |
| ) | |
| MATCH.COM, LP, eHARMONY.COM, INC. ) | Magistrate Judge Nan R. Nolan |
| AND YAHOO!, INC. ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## YAHOO'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant, Yahoo!, Inc. ("Yahoo"), by and through its undersigned attorneys, answers the Complaint of Plaintiff, Spark Network Services, Inc. ("Spark"), and asserts its affirmative defenses and counterclaims as follows.

### NATURE OF LAWSUIT

1.       This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

**RESPONSE:**

Yahoo admits that Plaintiff has alleged patent infringement in its Complaint and that the Court has subject matter jurisdiction over the allegations raised in the Complaint. Yahoo denies any remaining averments in this paragraph and expressly denies any infringement of the asserted patent.

### PARTIES

2.       Spark is an Illinois corporation having its principal place of business in this judicial district at 2720 River Road, Des Plaines, Illinois.

**RESPONSE:**

Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3. Spark owns all rights, title and interest in, and has standing to sue for infringement of, United States Patent No. 6,272,467 B1 (the '467 patent), entitled "System for Data Collection and Matching Compatible Profiles", attached as Exhibit A.

**RESPONSE:**

Yahoo admits that Spark Network Services, Inc. is listed as the assignee on the face of United States Patent No. 6,272,467 ("'467 patent") and that a copy of the '467 patent was attached to the Complaint as Exhibit A. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

4. Match.com is a Delaware corporation; its principal place of business is located at 8300 Douglas Avenue, Dallas, Texas, 75225.

**RESPONSE:**

The averments of this paragraph are directed to a defendant other than Yahoo, and Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

5. eHarmony.com is a California corporation; its principal place of business is located at 300 N. Lake Avenue, Pasadena, California, 91101.

**RESPONSE:**

The averments of this paragraph are directed to a defendant other than Yahoo, and Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

6. Yahoo is a Delaware corporation; its principal place of business is located at 701 First Avenue, Sunnyvale, California. 94089.

**RESPONSE:**

Yahoo admits that it is a Delaware corporation with a place of business located at 701 First Avenue, Sunnyvale, California, 94089.

## VENUE

7.     Venue is proper in this judicial district under 28 U.S.C. §1400(b). Defendants transact business in this judicial district by selling infringing products and services in such a way as to directly reach and interact with customers in this judicial district.

**RESPONSE:**

Yahoo admits that venue is proper in this judicial district.  Yahoo denies any remaining averments in this paragraph and expressly denies any infringement of the asserted patent.

## CLAIMS

8.     Match.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. Match.com's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**RESPONSE:**

The averments of this paragraph are directed to a defendant other than Yahoo, and Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

9.     eHarmony.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. eHarmony.com's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**RESPONSE:**

The averments of this paragraph are directed to a defendant other than Yahoo, and Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

10.     Yahoo has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of

selected traits and preferences for determining the users' compatibility. Yahoo's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**RESPONSE:**

Denied.

11. Defendants' infringement has injured Spark, and Spark is entitled to recover damages sufficient to compensate it for such infringement, but in no event less than a reasonable royalty.

**RESPONSE:**

Yahoo denies any and all averments in this paragraph that are directed to Yahoo. To the extent that any of the averments of this paragraph are directed to a party other than Yahoo, Yahoo is without knowledge or information sufficient to form a belief as to the truth of those allegations.

12. Defendants' infringement of the '467 patent has been willful and deliberate.

**RESPONSE:**

Yahoo denies any and all averments in this paragraph that are directed to Yahoo. To the extent that any of the averments of this paragraph are directed to a party other than Yahoo, Yahoo is without knowledge or information sufficient to form a belief as to the truth of those allegations.

13. Defendants' infringement has injured, and will continue to injure Spark unless and until this Court enters an injunction prohibiting further infringement of the '467 patent.

**RESPONSE:**

Yahoo denies any and all averments in this paragraph that are directed to Yahoo. To the extent that any of the averments of this paragraph are directed to a party other than Yahoo, Yahoo is without knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Spark has, at all times, complied with the requirements of 35 U.S.C. §287.

**RESPONSE:**

Yahoo is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### NON-INFRINGEMENT OF U.S. PATENT NO. 6,272,467

1. Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of United States Patent No. 6,272,467

### AFFIRMATIVE DEFENSE NO. 2
### INVALIDITY OF U.S. PATENT NO. 6,272,467

2. U.S. Patent No. 6,272,467 is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

### AFFIRMATIVE DEFENSE NO. 3
### LACHES

3. Spark's claims for relief are barred in whole or in part by the equitable doctrine of laches.

## YAHOO'S COUNTERCLAIMS AGAINST SPARK

15. Defendant and Counterclaim-Plaintiff Yahoo!, Inc. ("Yahoo") is a Delaware corporation with a place of business located at 701 First Avenue, Sunnyvale, California. 94089.

16. As plead in its Complaint, Spark Network Services, Inc. ("Spark") is an Illinois corporation having its principal place of business in this judicial district at 2720 River Road, Des Plaines, Illinois.

17. Yahoo's counterclaims arise under the United States patent laws, 35 U.S.C. § 100 et seq. and the provisions for declaratory judgment under 28 U.S.C. §§ 2201-2202. As a result of Spark's Complaint, an actual and justiciable controversy exists between Yahoo and Spark.

18.     The Court has subject matter jurisdiction over Yahoo's counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

19.     Spark is subject to personal jurisdiction in this District based upon its principle place of business being located in this District and based upon its filing of the Complaint against Yahoo in this Court.

20.     Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIM NO. 1**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,272,467**

21.     Yahoo repeats and incorporates by reference paragraphs 1-20 above as though fully set forth herein.

22.     Yahoo asks the Court to declare that it has not committed any acts of infringement of U.S. Patent No. 6,272,467.

**COUNTERCLAIM NO. 2**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,272,467**

23.     Yahoo repeats and incorporates by reference paragraphs 1-20 above as though fully set forth herein.

24.     Yahoo asks the Court to declare that U.S. Patent No. 6,272,467 is invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

**REQUEST FOR RELIEF**

Yahoo respectfully requests that the Court enter judgment against Plaintiff and award Yahoo the following relief:

(a)     That the Court dismiss, with prejudice, Spark's Complaint against Yahoo;

(b)     That the Court award Spark nothing by way of its Complaint against Yahoo;

(c) That the Court declare that Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, U.S. Patent No. 6,272,467;

(d) That the Court declare that the claims of U.S. Patent No. 6,272,467 are invalid;

(e) That the Court enjoin Spark from charging or asserting infringement of any claim of U.S. Patent No. 6,272,467 against Yahoo or anyone in privity with Yahoo;

(f) That Yahoo be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(g) That Yahoo be awarded further relief as the Court may deem just and proper.

## JURY DEMAND

Yahoo hereby requests trial by jury on all issues triable of right by jury.

Dated: March 23, 2007

Respectfully submitted,

**BRINKS HOFER GILSON & LIONE**

s/Jason C. White
William H. Frankel
Jason C. White
Stephanie J. Felicetty
Brinks Hofer Gilson & Lione
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200
Fax: (312) 321-4299

*Attorneys for Defendant Yahoo!, Inc.*