(Revised 02/01/01)

# United States District Court   Northern District of Illinois
# APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

| Case Title: | SPARK NETWORK SERVICES, INC.<br><br>VS.<br><br>MATCH.COM, LP, eHARMONY.COM, INC. AND YAHOO!, INC. | Plantiff(s)<br><br><br><br>Defendant(s) |
|---|---|---|

| Case Number: 07CV570 | Judge: GOTTSCHALL |
|---|---|

RECEIVED MAR 1 9 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

I, John C. Nickelson                                                                 hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

MATCH.COM                                                         by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | DateAdmitted |
|---|---|
| Supreme Court of Texas | 11/05/04 |
| United States District Court for the Northern District of Texas | 12/09/04 |
| United States Court of Appeals for the Fifth Circuit | 12/07/05 |
| United States District Court for the Eastern District of Texas | 03/14/06 |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application<br>(Granted or Denied)* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

Has the applicant designated local counsel?   Yes ☐   No ☑

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

| Question | Yes | No |
|---|---|---|
| censured, suspended, disbarred, or otherwise disciplined by any court? | ✓ | |
| or is the applicant currently the subject of an investigation of the applicant's professional conduct? | | ✓ |
| transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court? | | ✓ |
| denied admission to the bar of any court? | | ✓ |
| held in contempt of court? | | ✓ |

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

03/14/07

Date                   Signature of Applicant

| | Last Name | First Name | Middle Name/Initial |
|---|---|---|---|
| Applicant's Name | Nickelson | John | C. |
| Applicant's Law Firm | Baker Botts L.L.P. | | |

| | Street Address (include suite or room number) | | | State Bar Number |
|---|---|---|---|---|
| Applicant's Address | 2001 Ross Avenue, Suite 1100 | | | 24046534 |
| | City | State | ZIP Code | Work Phone Number |
| | Dallas | Texas | 75201 | (214) 953-6500 |

(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)

(Fee Stamp)

PAID
RECEIPT #10729901
MAR 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $150.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

**ORDER**

IT IS ORDERED that the applicant herein may appear in the above-entitled case.

DATED: 3/21/07

United States District Judge

## ATTACHMENT TO APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

In June 2005, I and a partner of my firm sued a limited liability company ("LLC") in the District Court of Tarrant County, Texas, on behalf of a limited partnership. Without taking discovery in the state court to determine my client's citizenship, the LLC removed the case to the Northern District of Texas. The case was assigned to Judge John McBryde.

Shortly after the Notice of Removal was filed, the district court issued an order sua sponte requiring the LLC to file a supplement to its notice of removal "disclosing the identity and state of citizenship of every partner, both general and limited, of plaintiff." The LLC's counsel informally requested that I provide the information necessary to comply with the district court's order. I declined to do so, believing that the LLC had an obligation to determine whether diversity jurisdiction existed before removing the case to federal court.

After learning that I had refused to voluntarily provide the information requested by the LLC's counsel, the district court fined me $200 on the theory that I had not been courteous and cooperative with opposing counsel. Because the case law supported my actions, I appealed the district court's order imposing sanctions. On appeal, the Fifth Circuit vacated the sanctions order as an abuse of discretion. *Blastmyresume.com LP v. Hoboken Web Services*, 2007 WL 120264 (5th Cir. Jan. 18, 2007) (holding that the "sanctions were unwarranted"). I remain a member in good standing of the bar of the Northern District of Texas.