IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPARK NETWORK SERVICES, INC., | ) |
| Plaintiff, | ) Civil Action No. 07 CV 0570 |
| v. | ) Hon. Judge Joan B. Gottschall<br>) Magistrate Judge Nolan |
| MATCH.COM, L.P., eHARMONY.COM., INC. AND YAHOO!, INC | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## JOINT RULE 26(F) REPORT

**1.      Meeting.**  Pursuant to this Court's Order of February 26, 2007, the Local Rules and Rule 26(f), Fed.R.Civ.P., a meeting was held on March 23, 2007, and was participated in by:

   A.   On behalf of Plaintiffs Spark Network Services, Inc. ("Plaintiff"): Frederick C. Laney, Esq., of Niro, Scavone, Haller & Niro.

   B.   On behalf of Defendant Match.com, L.P., Larry D. Carlson and Chad Walters, Esqs., of Baker Botts L.L.P.

   C.   On behalf of Defendant eHarmony.com, Inc., Matthew J. Hult, Esq. of Orrick, Herrington & Sutcliffe L.L.P.

   D.   On behalf of Defendant Yahoo!, Inc., Jason White, Esq. of Brinks, Hofer Gilson & Lione.

The parties discussed the nature of and bases for their claims and defenses, as well as the possibilities for a prompt settlement, and developed the following proposed discovery plan.

**2.     Pre-Discovery Disclosures.**  The parties will exchange by **April 18, 2007** the information required by Rule 26(a)(1), Fed.R.Civ.P.

**3.     Discovery Plan.**  The parties jointly propose to the Court the following discovery plan:

   A.     Discovery will be needed on at least the following subjects:  patent validity, patent infringement, damages, willfulness, enforceability, and any other defenses pleaded by defendants.

   B.     All fact discovery commenced in time to be completed by **February 15, 2008**.  All expert discovery commenced in time to be completed by **May 9, 2008**.

   C.     The limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court, except there is a disagreement regarding the number of depositions.

   Plaintiff's position: Plaintiff should be allowed thirty depositions and Defendants collectively should be allowed thirty depositions.  Plaintiff asserts that because there are three Defendants for which Plaintiff must discover and further develop facts related to (1) proving its case of infringement and (2) protecting against allegations of invalidity, Plaintiff should also have the ability to take thirty depositions, if necessary.

   Defendants' position: Defendants originally proposed that each party be allowed 10 depositions and believed that their proposal had been accepted.  However, recently counsel for plaintiff indicated that plaintiff did not agree and now wanted 30 depositions if the Defendants collectively received 30

depositions. To the extent that Defendants collectively can minimize the total number of depositions they notice by sharing depositions concerning common issues, they intend to do so in order to minimize costs and maximize efficiency and have so indicated to plaintiff's counsel. Defendants do not agree with plaintiff's argument that given there are three defendants, plaintiff needs 30 depositions.

Defendants indicated that they would agree to now allocating 15 depositions to plaintiff in light of plaintiff's concerns about the number of Defendants but this offer was rejected. Defendants would not object to allowing plaintiff additional depositions beyond the 15 proposed provided there was demonstrable good cause shown that the additional depositions were necessary and that such an arrangement was reciprocal.

D. Reports from retained experts under Rule 26(a)(2): Initial reports from party bearing burden of proof in issue due on the later of **March 14, 2008**, or thirty days after the Court's claim construction ruling. Rebuttal expert reports due thirty days after initial reports.

4. **Claim construction.** The parties have agreed to a process for claim construction that entails the seven steps A. through G. below. Plaintiff and Defendants have not been able to reach agreement concerning the timing of these steps. Plaintiff proposes the following dates for each of the steps A. through F.: A. – October 15, 2007; B. – November 5, 2007; C. – December 3, 2007; D. – December 19, 2007; E. – January 23, 2008; F. – February 13, 2008. Defendants propose the following dates for each of the steps A. through F.: A. – May 14, 2007; B. – June 6, 2007; C. – July 3, 2007; D. –

July 19, 2007; E. – August 9, 2007; F. – August 30, 2007.

    A.    By _____, the parties shall exchange a list of terms from the asserted claims, Claims 1, 2, 8, 9, and 20 of U.S. Patent No, 6,272,467 B1, that they contend require construction by the Court.

    B.    By _____, the parties shall: (1) exchange proposed constructions for all terms identified by all parties as requiring construction, (2) identify all extrinsic evidence that each party contends supports its proposed constructions, and (3) identify all fact or expert witnesses each party may call to testify at a claim construction hearing, providing a report of each such expert on claim construction issues.  If any party identifies an expert witness, the other parties shall have fourteen days to identify a rebuttal expert witness and provide a report of that expert.  If a party contends that a term does not require construction, but instead should be accorded its ordinary meaning, the party shall state what it contends that ordinary meaning is.

    C.    By _____, all depositions of fact and expert witnesses identified for claim construction shall have been taken.  These depositions shall be limited to background of the witness and claim construction issues and shall not count against deposition limits.

    D.    By _____, the parties shall file a Joint Claim Construction statement that contains a list of all terms identified by all parties as requiring construction, each party's proposed construction of each term together with an identification of all references from the specification or prosecution history that support each construction, and all extrinsic evidence offered by any party in

support of its proposed claim constructions or in opposition to any other party's proposed constructions.

E.　　By _____, the parties shall file opening briefs on claim construction limited to twenty-five pages.

F.　　By _____, the parties shall file response briefs on claim construction limited to fifteen pages.

G.　　The parties shall thereafter make themselves available for a claim construction hearing, and if desired by the Court, a technology tutorial, to be scheduled at the Court's convenience.

5.　　**Other items.**

A.　　The case does not require reference to the procedures set forth in the Manual on Complex Litigation.

B.　　The parties should be allowed until **August 30, 2007** to join additional parties and to amend the pleadings. At this time, the parties cannot reasonably predict the likelihood of the appearance of additional parties.

C.　　Since discovery has not yet been initiated, the parties do not have a firm understanding as to which, if any, issues may be determined by motion. However, the parties believe that it is likely that some issues may be appropriate for resolution by motion. Thus, the parties propose that all dispositive or partially dispositive motions shall be filed by **June 1, 2008**.

D.　　The parties defer to the Court to set a pretrial conference and trial date. A jury trial has been demanded.

E.　　The parties have discussed the issue of discovery of electronically stored

information and have agreed to have further discussions on this issue. Depending upon the type and scope of discovery requests served in this case, the parties may have a substantial volume of electronic documents that could be relevant. As such, the parties may seek the entry of one or more protective orders directed to the search for and production of electronically stored information, including but not limited to, source code and email.

Dated: April 27, 2007

Respectfully submitted,

  s/ Frederick C. Laney
Paul K. Vickrey
Raymond P. Niro, Jr.
Frederick C. Laney
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733

**Attorneys for Plaintiff, Spark Networks Services, Inc.**

   s/ Jason C. White
Jason C. White
Stephanie J. Felicetty
William H. Frankel
BRINKS HOFER GILSON & LIONE
NBC TOWER – SUITE 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4225

**Attorneys for Defendant, Yahoo!**

   s/ Larry D. Carlson
Larry D. Carlson
Kevin J. Meek
Chad C. Walters
John C. Nickelson
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6525

**Attorneys for Defendant, Match.com**

     s/ Chester Day
Chester Day
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7401

Leif R. Sigmond, Jr.
Jennifer M. Kurcz
S. Richard Carden
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive, Suite 3200
Chicago, IL 60606
(312) 913-0001

**Attorneys for eHarmony**