IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPARK NETWORK SERVICES, INC., | ) | |
| | ) | Civil Action No. 1:07-cv-00570 |
| Plaintiff, | ) | |
| | ) | Judge Joan Gottschall |
| v. | ) | Magistrate Judge Nan Nolan |
| | ) | |
| MATCH.COM, LP, eHARMONY.COM., INC. and YAHOO!, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |

## STATUS REPORT

**PLAINTIFF'S STATEMENT**

Plaintiff Spark submits the following items in response to this Court's request for a status report:

1. Yahoo! and Spark have reached a settlement and expect the dismissal papers to be filed shortly.

2. With respect to Match.com and eHarmony.com, Spark has proposed that the parties begin producing documents on an "attorneys' eyes only" basis until the Protective Order issues have been resolved, so that discovery is not further delayed.

3. Match.com is dealing directly with counsel for Gary Kremen concerning the inspection of Mr. Kremen=s documents. Apparently Match.com has refused to reimburse Mr. Kremen's counsel for any of the costs of facilitating such an inspection, which has caused delay in the production.

4. The remaining issues to be addressed in the proposed Protective Order are: (a) whether Mr. Kremen or his former employees would be allowed to review confidential/attorneys eyes only documents if they are designated as experts for Plaintiff, and (b) whether such documents can be seen by Plaintiff=s President and inside counsel for Defendants.

DAL01:975995.1

**DEFENDANT'S STATEMENT**

Since the August 22, 2007 status hearing, counsel for Match.com has communicated with counsel for Match.com founder and plaintiff SNS consultant Gary Kremen in an effort to obtain a production by Mr. Kremen of relevant documents, including the fourteen boxes of documents that Mr. Kremen says he reviewed for SNS in a Declaration he provided to SNS. As the Court is aware, given Mr. Kremen's status as founder and former CEO of Match.com, Match.com is concerned that Mr. Kremen has or will reveal information to SNS's counsel that is confidential and propriety to SNS. Counsel for Mr. Kremen asked for payment of $2,500 and reimbursement for attorneys' fees incurred in connection with a privilege review as conditions for producing those documents. Those terms are unacceptable to Match.com. Accordingly, Match.com is now having Mr. Kremen served with a subpoena for the production of these documents.

At the August 22, 2007 status hearing, the Court and the parties discussed the issue of whether confidential and highly confidential documents that are produced in this case can be reviewed by in-house personnel at the respective parties. In the current draft Protective Order, which was submitted to the Court per its request, there are provisions that allow for one in-house lawyer for each side to have access to such documents. SNS wants to modify these provisions to allow at least SNS's President to have access to such materials. Defendants oppose this modification as the confidential material will like contain information concerning proprietary technological innovations and competitive business analysis. As discussed at the August 22 status hearing, Match.com believes that resolution of the issue whether Mr. Kremen or other former

DAL01:975995.1

employees, officers, or directors of a party can see confidential documents should be deferred until the parties obtain the production of documents from Mr. Kremen. During the discussion at the August 22nd hearing, defendants asked SNS for alternatives that would address their confidentiality concerns on these issues. To date, SNS has not made any effort to discuss these matters and has not put forward any new proposals. Should SNS maintain its earlier stated position on this issue, defendants request that the issues be fully briefed as the disclosure of confidential material to one of SNS key competitive decision makers raises serious issues, as does the employment of former employees to serve as expert witnesses against their former employer.

Near the close of business on Friday, September 14, 2007, counsel for SNS sent a two sentence email suggesting that SNS would be in a position to begin producing documents this week with the understanding that all documents produced could be treated as attorney's eyes only until a Protective Order is finalized. Counsel asked defendants if they could also produce documents this week. eHarmony has already produced some documents related to prior art previously and will be producing more documents early next week. Match.com anticipates that it will be in a position to begin a rolling production of documents, attorneys' eyes only pending entry of a protective order, within the next four weeks.

|  |  |
|---|---|
| /s/ Raymond P. Niro, Jr.<br>Paul K. Vickrey<br>Raymond P. Niro, Jr.<br>Frederick C. Laney<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>(312) 236-0733<br><br>**Attorneys for Plaintiff, Spark Networks Services, Inc.** | |
| /s/ Craig A. Varga<br>Craig A. Varga<br>Elizabeth Barry<br>VARGA BERGER LEDSKY HAYES & CASEY<br>224 South Michigan Avenue, Suite 350<br>Chicago, IL  60604<br>(312) 341-9400<br><br>Larry D. Carlson<br>Kevin J. Meek<br>Chad C. Walters<br>John C. Nickelson<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue, Suite 1100<br>Dallas, TX  75201<br>(214) 953-6500<br><br>**Attorneys for Defendant, Match.com** | /s/ Matthew J. Hult<br>Chris R. Ottenweller<br>Matthew J. Hult<br>Robert E. Freitas<br>Sugithra Somasekar<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>(650) 614-7400<br><br>Amy L. Beckman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>666 Fifth Avenue<br>New York, NY 10103<br>(212) 506-5000<br><br>Leif R. Sigmond, Jr.<br>S. Richard Carden<br>Jennifer M. Kurcz<br>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP<br>300 S. Wacker Drive, Suite 3200<br>Chicago, IL  60606<br>(312) 913-0001<br><br>**Attorneys for Defendant, eHarmony.com** |