IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPARK NETWORK SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATCH.COM, L.P., eHARMONY.COM., ) <br> INC. AND YAHOO!, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 07 CV 0570 <br><br> Hon. Judge Joan B. Gottschall <br> Magistrate Judge Nolan <br><br> **JURY TRIAL DEMANDED** |

## SECOND AMENDED JOINT RULE 26(F) REPORT

1. **Meeting**. Pursuant to this Court's direction, the Local Rules and Rule 26(f),

Fed.R.Civ.P., a telephonic meeting was held on November 2, 2007, and was participated in by:

   A. Raymond Niro, Jr., Esq., of Niro, Scavone, Haller & Niro on behalf of SNS;

   B. John Nickelson, Esq., of Baker Botts L.L.P on behalf of Defendant Match.com; and,

   C. Matthew J. Hult, Esq. of Orrick, Herrington & Sutcliffe L.L.P. on behalf of Defendant eHarmony.com.

As the parties previously discussed the nature of and bases for their claims and defenses, as well as the possibilities for a prompt settlement, the subject matter of the discussion focused on the following proposed discovery plan and claim construction schedule, which was modeled on the plan and schedule previously submitted in the May 14, 2007 Amended Joint Rule 26(f) Report.

2. **Pre-Discovery Disclosures**. The parties exchanged by **April 18, 2007** the information required by Rule 26(a)(1), Fed.R.Civ.P.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

    A.    Discovery will be needed on at least the following subjects: patent validity, patent infringement, damages, willfulness, enforceability, and any other defenses pleaded by defendants.

    B.    The cutoff for fact discovery will be **July 31, 2008**. The cutoff for expert discovery will **September 30, 2008**, unless the timing of the disclosure of expert reports set below in paragraph 7D requires an extension of this cutoff date.

    C.    Plaintiff is allowed twenty depositions, and Defendants collectively are allowed twenty depositions. Otherwise the limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court.

    D.    Reports from retained experts under Rule 26(a)(2): Initial reports from party bearing burden of proof on each issue are due on the later of **August 28, 2008**, or thirty days after the Court's claim construction ruling. Rebuttal expert reports due thirty days after initial reports.

4.    **Claim construction**. The parties have agreed to the following process for claim construction:

    A.    By January 25, 2008, the parties shall exchange a list of terms from the asserted claims of U.S. Patent No, 6,272,467 B1, that they contend require construction by the Court.

    B.    By February 15, 2008, the parties shall: (1) exchange proposed constructions for all terms identified by all parties as requiring construction, (2) identify all extrinsic evidence that each party contends supports its proposed constructions, and (3) identify all fact or expert witnesses each party may call to testify at a claim construction hearing, providing a report of each such expert on claim construction issues. If any party identifies an expert witness, the other parties shall have fourteen days to identify a rebuttal expert witness and provide a report of that expert. If a party contends that a term does not require construction, but

        instead should be accorded its ordinary meaning, the party shall state what it contends that ordinary meaning is.

C. By March 21, 2008, all depositions of fact and expert witnesses identified for claim construction shall have been taken. These depositions shall be limited to background of the witness and claim construction issues and shall not count against deposition limits.

D. By April 11, 2008, the parties shall file a Joint Claim Construction statement that contains a list of all terms identified by all parties as requiring construction, each party's proposed construction of each term together with an identification of all references from the specification or prosecution history that support each construction, and all extrinsic evidence offered by any party in support of its proposed claim constructions or in opposition to any other party's proposed constructions.

E. By May 9, 2008, the parties shall file their opening briefs on claim construction limited to twenty-five pages.

F. By May 30, 2008, the parties shall file their response briefs on claim construction limited to fifteen pages.

G. The parties shall thereafter make themselves available for a claim construction hearing, and if desired by the Court, a technology tutorial, to be scheduled at the Court's convenience.

5. **Other items**.

A. The case does not require reference to the procedures set forth in the Manual on Complex Litigation.

B. The parties should be allowed until **February 22, 2008** to join additional parties or to amend the pleadings. At this time, the parties cannot reasonably predict the likelihood of the appearance of additional parties.

C. The parties defer to the Court to set a pretrial conference and trial date. A jury trial has been demanded.

D.  The parties have not discussed the issue of discovery of electronically stored information but have agreed to have further discussions on this issue. Depending upon the type and scope of discovery requests served in this case, the parties may have a substantial volume of electronic documents that could be relevant. As such, the parties may seek the entry of one or more protective orders directed to the search for and production of electronically stored information, including but not limited to, source code and email.

E.  With the assistance of the Court, the parties have negotiated and nearly finalized a proposed Protective Order for use in this matter. Once finalized, the proposed Protective Order will be filed with the Court for its final approval.

- 5 -

Dated: November 5, 2007

                                              Respectfully submitted,

  /s/ Raymond P. Niro, Jr.

Paul K. Vickrey
Raymond P. Niro, Jr.
Frederick C. Laney
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733

**Attorneys for Plaintiff, Spark Networks Services, Inc.**

| /s/ John C. Nickelson | /s/ Matthew J. Hult |
|---|---|
| Larry D. Carlson<br>Kevin J. Meek<br>Chad C. Walters<br>John C. Nickelson<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>(214) 953-6525<br><br>Craig A. Varga<br>Elizabeth Barry<br>VARGA BERGER LEDSKY HAYES & CASEY<br>A Professional Corporation<br>224 South Michigan Avenue, Suite 350<br>Chicago, Illinois 60604<br>(312) 341-9400 | Matthew J. Hult<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>1000 Marsh Road<br>Menlo Park, CA 94025<br>(650) 614-7401<br><br>Leif R. Sigmond, Jr.<br>Jennifer M. Kurcz<br>S. Richard Carden<br>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP<br>300 South Wacker Drive, Suite 3200<br>Chicago, IL 60606<br>(312) 913-0001 |
| **Attorneys for Defendant, Match.com, L.P.** | **Attorneys for Defendant, eHarmony.com** |