IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPARK NETWORK SERVICES, INC., | ) | |
| | ) | Civil Action No. 1:07-CV-00570 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MATCH.COM, L.P., *et al*., | ) | Judge Joan Gottschall |
| | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MATCH.COM, L.P.'S ANSWER,
COUNTERCLAIM, AND JURY DEMAND TO
PLAINTIFF SPARK'S AMENDED COMPLAINT**

Defendant Match.com, L.P. ("Match.com") files this Answer, Counterclaim, and Jury Demand to Plaintiff Spark Network Services, Inc.'s Amended Complaint (the "Complaint").

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

**ANSWER:** Match.com admits that plaintiff has asserted a claim for patent infringement. Match.com admits that the Court has jurisdiction over the subject matter of the Complaint. Match.com is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 1 of the Complaint.

2. Spark is an Illinois corporation having its principal place of business in this judicial district at 2720 River Road, Des Plaines, Illinois.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 2 of the Complaint.

1

3. Spark owns all rights, title and interest in, and has standing to sue for infringement of, United States Patent No. 6,272,467 B1 (the '467 patent), entitled "System for Data Collection and Matching Compatible Profiles", attached as Exhibit A.

**ANSWER:** Match.com admits that what appears to be a copy of U.S. Patent No. 6,272,467 B1 (the "'467 Patent") is attached as Exhibit "A" to the Complaint. Match.com is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 3 of the Complaint.

4. Match.com is a Delaware corporation; its principal place of business is located at 8300 Douglas Avenue, Dallas, Texas, 75225.

**ANSWER:** Match.com denies that it is a corporation. Match.com admits the remaining allegations of paragraph 4 of the Complaint.

5. eHarmony.com is a California corporation; its principal place of business is located at 300 N. Lake Avenue, Pasadena, California, 91101.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 5 of the Complaint.

6. Various is a corporation; its principal place of business is located at 445 Sherman Avenue, Suite C, Palo Alto, California, 94306.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 6 of the Complaint.

7. True Beginnings is a limited liability company; its principal place of business is located at 300 Decker Drive, Irving, Texas, 75039.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 7 of the Complaint.

8. Perfect Match is a limited liability company; its principal place of business is located at 11410 N.E. 124th Street, #241, Kirkland, Washington, 98034.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 8 of the Complaint.

9. POF is a corporation; its principal place of business is located at 1529 Pender Street West, #1603, Vancouver, British Columbia V6G3J3, Canada.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 9 of the Complaint.

10. SNI is a corporation; its principal place of business is located at 8383 Wilshire Boulevard, Beverly Hills, California, 90211.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 10 of the Complaint.

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Defendants transact business in this judicial district by selling infringing products and services in such a way as to directly reach and interact with customers in this judicial district.

**ANSWER:** Match.com admits that venue in the Northern District of Illinois is proper as to it. Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 11 with respect to the other defendants. Match.com denies the remaining allegations of paragraph 11 with respect to Match.com.

12. Match.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. Match.com's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com denies the allegations of paragraph 12 of the Complaint.

13. eHarmony.com has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. eHarmony.com's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 13 of the Complaint.

14. Various has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. Various' [sic] infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 14 of the Complaint.

15. True has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. True's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 15 of the Complaint.

16. Perfect Match has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. Perfect Match's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 16 of the Complaint.

17. POF has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. POF's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 17 of the Complaint.

18. SNI has infringed and continues to infringe the '467 patent through, among other activities, using the '467 patent's claimed methods for automated two-way matching of selected traits and preferences for determining the users' compatibility. SNI's infringement is covered by at least claims 1, 2, 8, 9 and 20 of the '467 patent.

**ANSWER:** Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 18 of the Complaint.

19. Defendants' infringement has injured Spark, and Spark is entitled to recover damages sufficient to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Match.com denies the allegations of paragraph 19 with respect to Match.com. Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 19 with respect to the other defendants.

20. Defendants' infringement has injured, and will continue to injure Spark unless and until this Court enters an injunction prohibiting further infringement of the '467 patent.

**ANSWER:** Match.com denies the allegations of paragraph 20 of the Complaint with respect to Match.com. Match.com is without sufficient knowledge or information to either admit or deny the allegations of paragraph 20 with respect to the other defendants.

### AFFIRMATIVE DEFENSES

Without undertaking any burden it does not otherwise bear, Match.com alleges as follows:

### *First Defense*

21. Match.com has not infringed any valid claim of the '467 Patent.

### *Second Defense*

22. The claims of the '467 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code.

### *Third Defense*

23. Plaintiff's claims are barred, in whole or in part, by implied license.

### *Fourth Defense*

24. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### *Fifth Defense*

25. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### COUNTERCLAIM

Defendant Match.com counterclaims against plaintiff for declaratory judgment and alleges the following:

1. Match.com incorporates by reference all of the allegations and averments of the preceding Answer from preceding paragraphs 1 to 25.

2. Match.com is a Delaware limited partnership with its principal place of business is located at 8300 Douglas Avenue, Dallas, Texas, 75225.

3. This counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States set forth in Title 35 of the United States Code and in Title 37 of the Code of Federal Regulations.

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a). Venue is based on 28 U.S.C. §§ 1391(b), (c) and 1400(b). This Court has personal jurisdiction over Plaintiff.

5. Plaintiff filed the Complaint against Match.com for infringement of the '467 Patent. Accordingly, an actual justiciable case or controversy exists between Plaintiff and Match.com.

6. Match.com has not infringed any valid claim of the '467 Patent.

7. The claims of the '467 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code.

**PRAYER FOR RELIEF**

WHEREFORE, Match.com respectfully prays that this Court:

A. Dismiss the Complaint with prejudice;

B. Adjudge, declare, and decree that the claims of the '467 Patent are unenforceable, invalid, and not infringed by Match.com;

C. Permanently enjoin plaintiff, its successors, and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '467 Patent against Match.com

or any parent, affiliate, or subsidiary of Match.com, or its respective officers, agents, employees, successors, and assigns;

D.      Find this case exceptional and award reasonable attorneys' fees to Match.com pursuant to 35 U.S.C. § 285;

E.      Award the costs of this case to Match.com; and

F.      Award Match.com such other and further relief as the Court may deem proper.

## JURY DEMAND

Match.com demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

[SIGNATURE BLOCKS FOLLOW]

Dated: December 21, 2007                Respectfully submitted,

**MATCH.COM, L.P.**, Defendant

/s/ Craig A. Varga

Craig A. Varga
E-Mail:  cvarga@vblhc.com
Elizabeth Barry
E-mail:  ebarry@vblhc.com
VARGA BERGER LEDSKY HAYES & CASEY
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
Telephone:  (312) 341-9400
Facsimile: (312) 341-2900


Larry D. Carlson
E-Mail:  larry.carlson@bakerbotts.com
Kevin Meek
E-Mail:  kevin.meek@bakerbotts.com
Chad C. Walters
E-Mail: chad.walters@bakerbotts.com
Matthew J. Kacsmaryk
E-Mail: matt.kacsmaryk@bakerbotts.com
(*Pro Hac Vice* Application Pending)
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503


ATTORNEYS FOR DEFENDANT MATCH.COM, L.P.

## CERTIFICATE OF SERVICE

Craig A. Varga, an attorney, hereby certifies that a true and correct copy of the foregoing Defendant Match.com, L.P.'s Answer, Counterclaim, and Jury Demand to Plaintiff Spark's Amended Complaint was served electronically upon the following counsel of record this 21st day of December, 2007:

Stephanie Joy Felicetty
sfelicetty@usebrinks.com, federalcourts@brinkshofer.com

William H. Frankel
wfrankel@usebrinks.com

Frederick Christopher Laney
laney@nshn.com

Raymond Pardo Niro, Jr.
rnirojr@nshn.com

Paul K. Vickery
vickery@nshn.com