# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,935 | 11/20/2007 | 6272467 | M252 7000 (59307.1.2) | 1186 |

7590   01/28/2008

Robert P. Lenart
ECKERT, SEAMANS, CHERIN & MELLOT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 01/28/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Ian A. Calvert

Womble Carlyle Sandridge & Rice, PLLC

P.O. Box 7037

Atlanta, Georgia 30357-0037

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,935*.

PATENT NO. *6272467*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/008,935 | 6272467 |
| | Examiner | Art Unit | |
| | Majid A. Banankhah | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>20 November 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☒ PTO/SB/08, c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

　　　　RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

　a) ☐ by Treasury check or,

　b) ☐ by credit to Deposit Account No. _____, or

　c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )

Application/Control Number: 90/008,935 Page 2
Art Unit: 3992

## DECISION GRANTING EX PARTE REEXAMINATION

1. A substantial new question of patentability affecting claims 1-6, 8-14, 16-20 and 22-25 of United States Patent number 6,272,467 is raised by the request for Ex Parte reexamination.

2. Since requester did not request reexamination of claims 7, 15, and 21, and did not assert the existence of a substantial new question of patentability (SNQ) for such claims (see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in a reexamination proceeding other than those claims for which reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ...review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which ... review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for ... review, ...requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that **Sony** did not seek review of every claim under the '213 and '333 patents. Accordingly, **Sony** cannot now claim that the PTO wrongly failed to reexamine claims for which **Sony** never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

3. The '467 Patent issued from application Serial No. 08/784,713 (the '713 Application), which was filed on Jan. 16, 1997, claims priority to a provisional application filed on September 9, 1996, and issued on August 7, 2001. The '467 patent is currently assigned to Spark Network services, Inc. of Evanston, Illinois.

## *Prior Art that Raises SNQ*

4. In the request for reexamination, the third party requester alleges that '467 patent claims 1-6, 8-14, 16-20 and 22-25 are anticipated or rendered obvious in light of the following reference:

- A    Alexander I. Zelitchenko, "Information Retrieval Expert System 'Matchmaker,'" Computers in Human Behavior, vol. 8 (pp. 281-296) (1992) ("Zelitchenko" or "The Zelitchenko Reference")

- B    Operation Match Questionnaire, Compatibility Research, Inc. (1966) ("Operation Match" or "The Operation Match Reference")

- C    Bradford W. Scharlott, "Overcoming Relationship-Initiation Barriers: The Impact of a Computer-Dating System on Sex Role, Shyness, and Appearance Inhibitions," Computers in Human Behavior, vol. 11, no. 2 (pp. 191-204) (1995) ("Scharlott" or "The Scharlott Reference")

- D    U.S. Patent No. 5,659,731 to Gustafson ("the Gustafson patent" or "Gustafson")

- E    U.S. Patent No. 5,924,082 to Silverman et al. ("the Silverman patent" or "Silverman")

- F    Cheryl A. Meyer, "The Computer Personals: Meeting Your Match Online," Link Up: Communications and the Small Computer, vol. 1, no. 10 (pp. 38-40) (July 1984) ("Meyer" or "The Meyer Reference")

- G    Robert H. Coombs and William F. Kenkel, "Sex Differences in Dating Aspirations and Satisfaction with Computer-Selected Partners," Journal of Marriage and the Family (pp. 62-66) (Feb. 1966) ("Coombs" or "The Coombs Reference")

- H    James P. Curran, "Differential Effects of Stated Preferences and Questionnaire Role Performance on Inter-personal Attraction in the Dating Situation," Journal of Psychology (pp. 313-327) (1972) ("Curran" or "The Curran Reference")

- I    U.S. Patent No. 5,592,375 to Salmon et al. ("the Salmon patent" or "Salmon")

The above references were not of record in the prosecution history of the '467 patent and are not cumulative to the art of record in the original file.

Application/Control Number: 90/008,935 Page 4
Art Unit: 3992

## Substantial New Question of Patentability

5. A prior art patent or printed publication raises a substantial new question of patentability where there is:

  (A)  a substantial likelihood that a reasonable Examiner would consider the prior art patent or printed publication **important** in deciding whether or not the claim is patentable, MPEP §2242 (I) and,

  (B)  the same question of patentability as to the claim has not been decided in a previous or pending proceeding or in a final holding of invalidity by a federal court. See MPEP §2242 (III).

*RE: Claims 1, 6, 8-9, 13, 20 and 22-24*

6. In the request for reexamination, the third party requester alleges that the Zelitchenko reference anticipate claims 1, 6, 8-9, 13, 20 and 22-24 of the '467 patent.

It is agreed that consideration of Zelitchenko alone raises a substantial new question of patentability as to claims 1, 6, 8-9, 13, 20 and 22-24 of the '467 patent. Exhibit CC-A of the request, page 1 through page 11, claim chart applying Zelitchenko to claims 1, 6, 8-9, 13, 20 and 22-24, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6, 8-9, 13, 20 and 22-24 are patentable. Accordingly, Zelitchenko alone raises a substantial new question of patentability as to claims 1, 6, 8-9, 13, 20 and 22-24, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2, 10, 22 and 25*

Application/Control Number: 90/008,935 Page 5
Art Unit: 3992

7. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Scharlott renders claims 2, 10, 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Scharlott raises a substantial new question of patentability as to claims 2, 10, 22 and 25 of the '467 patent. Exhibit CC-B of the request, page 12 through page 14, claim chart applying Zelitchenko and Scharlott to claims 2, 10, 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko and Scharlott that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2, 10, 22 and 25 are patentable. Accordingly, Zelitchenko taken with Scharlott raises a substantial new question of patentability as to claims 2, 10, 22 and 25, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2-4 and 10-12*

8. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Gustafson renders claims 2-4 and 10-12 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Gustafson raises a substantial new question of patentability as to claims 2-4 and 10-12 of the '467 patent. Exhibit CC-C of the request, page 15 through page 18, claim chart applying Zelitchenko and Gustafson to claims 2-4 and 10-12, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko and Gustafson that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2-4 and 10-12 are patentable. Accordingly, Zelitchenko taken with Gustafson

Application/Control Number: 90/008,935 Page 6
Art Unit: 3992

raises a substantial new question of patentability as to claims 2-4 and 10-12, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2, 10, 22 and 25*

9. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Silverman renders claims 2, 10, 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Silverman raises a substantial new question of patentability as to claims 2, 10, 22 and 25 of the '467 patent. Exhibit CC-D of the request, page 19 through page 21, claim chart applying Zelitchenko and Silverman to claims 2, 10, 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko and Silverman that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2, 10, 22 and 25 are patentable. Accordingly, Zelitchenko taken with Silverman raises a substantial new question of patentability as to claims 2, 10, 22 and 25, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 22 and 25*

10. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Meyer renders claims 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Meyer raises a substantial new question of patentability as to claims 22 and 25 of the '467 patent. Exhibit CC-E of the request, page 22, claim chart applying Zelitchenko and Meyer to claims 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko and Meyer that was not present in the prosecution of the application which became the '467

Application/Control Number: 90/008,935 Page 7
Art Unit: 3992

patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 22 and 25 are patentable. Accordingly, Zelitchenko taken with Meyer raises a substantial new question of patentability as to claims 22 and 25, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 5, 14 and 16-18*

11. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Coombs renders claims 5, 14 and 16-18 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Coombs raises a substantial new question of patentability as to claims 5, 14 and 16-18 of the '467 patent. Exhibit CC-F of the request, page 23 through page 28, claim chart applying Zelitchenko and Coombs to claims 5, 14 and 16-18, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Zelitchenko and Coombs that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 5, 14 and 16-18 are patentable. Accordingly, Zelitchenko taken with Coombs raises a substantial new question of patentability as to claims 5, 14 and 16-18, which question has not been decided in a previous examination of the '467 patent.

*RE: Claim 19*

12. In the request for reexamination, the third party requester alleges that the Zelitchenko reference in view of Salmon renders claim 19 of the '467 patent obvious.

It is agreed that consideration of Zelitchenko taken with Salmon raises a substantial new question of patentability as to claim 19 of the '467 patent. Exhibit CC-G of the request, page 29, claim chart applying Zelitchenko and Salmon to claim 19, are hereby incorporated by reference from the request for reexamination for their

Application/Control Number: 90/008,935 Page 8
Art Unit: 3992

explanation of the teaching provided in the Zelitchenko and Salmon that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 19 are patentable. Accordingly, Zelitchenko taken with Salmon raises a substantial new question of patentability as to claim 19, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 1, 6, 8-9, 13, 20 and 22-24*

13. In the request for reexamination, the third party requester alleges that the Operation Match reference anticipate claims 1, 6, 8-9, 13, 20 and 22-24 of the '467 patent.

It is agreed that consideration of Operation Match alone raises a substantial new question of patentability as to claims 1, 6, 8-9, 13, 20 and 22-24 of the '467 patent. Exhibit CC-H of the request, page 30 through page 47, claim chart applying Operation Match to claims 1, 6, 8-9, 13, 20 and 22-24, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6, 8-9, 13, 20 and 22-24 are patentable. Accordingly, Operation Match alone raises a substantial new question of patentability as to claims 1, 6, 8-9, 13, 20 and 22-24, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2, 10, 22 and 25*

14. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Scharlott renders claims 2, 10, 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Scharlott raises a substantial new question of patentability as to claims 2, 10, 22 and 25 of the '467

Application/Control Number: 90/008,935 Page 9
Art Unit: 3992

patent. Exhibit CC-I of the request, page 48 through page 50, claim chart applying Operation Match and Scharlott to claims 2, 10, 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match and Scharlott that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2, 10, 22 and 25 are patentable. Accordingly, Operation Match taken with Scharlott raises a substantial new question of patentability as to claims 2, 10, 22 and 25, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2-4 and 10-12*

15. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Gustafson renders claims 2-4 and 10-12 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Gustafson raises a substantial new question of patentability as to claims 2-4 and 10-12 of the '467 patent. Exhibit CC-J of the request, page 51 through page 54, claim chart applying Operation Match and Gustafson to claims 2-4 and 10-12, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match and Gustafson that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2-4 and 10-12 are patentable. Accordingly, Operation Match taken with Gustafson raises a substantial new question of patentability as to claims 2-4 and 10-12, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 2, 10, 22 and 25*

Application/Control Number: 90/008,935 Page 10
Art Unit: 3992

16. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Silverman renders claims 2, 10, 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Silverman raises a substantial new question of patentability as to claims 2, 10, 22 and 25 of the '467 patent. Exhibit CC-K of the request, page 55 through page 57, claim chart applying Operation Match and Silverman to claims 2, 10, 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match and Silverman that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 2, 10, 22 and 25 are patentable. Accordingly, Operation Match taken with Silverman raises a substantial new question of patentability as to claims 2, 10, 22 and 25, which question has not been decided in a previous examination of the '467 patent.

*RE: Claims 22 and 25*

17. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Meyer renders claims 22 and 25 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Meyer raises a substantial new question of patentability as to claims 22 and 25 of the '467 patent. Exhibit CC-L of the request, page 58, claim chart applying Operation Match and Meyer to claims 22 and 25, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match and Meyer that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 22 and 25 are patentable. Accordingly, Operation Match taken with Meyer raises a substantial new

Application/Control Number: 90/008,935 Page 11
Art Unit: 3992

question of patentability as to claims 22 and 25, which question has not been decided in a previous examination of the '467 patent.

### RE: Claims 5, 14 and 16-18

18. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Coombs and Curran renders claims 5, 14 and 16-18 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Coombs and Curran raises a substantial new question of patentability as to claims 5, 14 and 16-18 of the '467 patent. Exhibit CC-M of the request, page 59 through page 64, claim chart applying Operation Match, Coombs and Curran to claims 5, 14 and 16-18, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match, Coombs and Curran that was not present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 5, 14 and 16-18 are patentable. Accordingly, Operation Match taken with Coombs and Curran raises a substantial new question of patentability as to claims 5, 14 and 16-18, which question has not been decided in a previous examination of the '467 patent.

### RE: Claim 19

19. In the request for reexamination, the third party requester alleges that the Operation Match reference in view of Salmon renders claim 19 of the '467 patent obvious.

It is agreed that consideration of Operation Match taken with Salmon raises a substantial new question of patentability as to claim 19 of the '467 patent. Exhibit CC-N of the request page 65, claim chart applying Operation Match and Salmon to claim 19, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in the Operation Match and Salmon that was not

Application/Control Number: 90/008,935 Page 12
Art Unit: 3992

present in the prosecution of the application which became the '467 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 19 are patentable. Accordingly, Operation Match taken with Salmon raises a substantial new question of patentability as to claim 19, which question has not been decided in a previous examination of the '467 patent.

## *Conclusion*

20. Extensions of time under 37 C.F.R §1.136(a) will not be permitted in this proceeding because the provisions of 37 C.F.R. §1.136 apply only to "an Applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. §305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 C.F.R. §1.550(a)). Extensions of time in E*x Parte* reexamination proceedings are provided for in 37 C.F.R. §1.550(c).

21. The Patent Owner is reminded of the continuing responsibility under 37 C.F.R. § 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent number 6,272,467 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/008,935 Page 13
Art Unit: 3992

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Application/Control Number: 90/008,935 Page 14
Art Unit: 3992

## How to Communicate with the USPTO

ALL correspondence relating to this Ex *Parte* reexamination proceeding should be directed as follows:

**Please mail any communications to:**

Attn: Mail Stop "*Ex Parte* Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA 22313-1450

**Please FAX any communications to:**

(571) 273-9900
Central Reexamination Unit

**Please hand-deliver any communications to:**

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit (CRU) at telephone number (571) 272-7705.

Signed:

Majid A. Banankhah
CRU Examiner, GAU 3992
(571) 272-3770

Conferee:

Conferee:

| PTO-1449 | | Application No. | Applicant(s) | | |
|---|---|---|---|---|---|
| Information Disclosure Citation in an Application | | 08/784,713 | Pierre E. Durand | | |
| | | Docket Number | Group Art Unit | Filing Date | |
| | | | 2306 | January 16, 1997 | |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| MB | PA-I | 5,592,375 | 01/07/1997 | Bardwell C. Salmon | 395 | 207 | 03/11/1994 |
| MB | PA-D | 5,659,731 | 08/19/1997 | Eric S. Gustafson | 395 | 604 | 06/19/1995 |
| MB | PA-E | 5,924,082 | 07/13/1999 | David L. Silverman | 705 | 37 | 06/07/1995 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | | | | | | | | |
| | | | | | | | | |

### NON-PATENT DOCUMENTS

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| MB | PA-A | ALEXANDER I. ZELITCHENKO, "Information Retrieval Expert System 'Matchmaker,'" Computers in Human Behavior, vol. 8 (pp. 281-296) | 1992 |
| MB | PA-B | Operation Match Questionnaire, Compatibility Research, Inc. | 1966 |
| MB | PA-C | BRADFORD W. SCHARLOTT, "Overcoming Relationship-Initiation Barriers: The Impact of a Computer-Dating System on Sex Role, Shyness, and Appearance Inhibitions," Computers in Human Behavior, vol. 11, no. 2 (pp. 191-204) | 1995 |
| MB | PA-F | CHERYL A. MEYER, "The Computer Personals: Meeting Your Match Online," Link Up: Communications and the Small Computer, vol. 1, no. 10 (pp. 38-40) | July 1984 |
| MB | PA-G | ROBERT H. COOMBS and WILLIAM F. KENKEL, "Sex Differences in Dating Aspirations and Satisfaction with Computer-Selected Partners," Journal of Marriage and the Family (pp. 62-66). | Feb. 1966 |
| MB | PA-H | JAMES P. CURRAN, "Differential Effects of Stated Preferences and Questionnaire Role Performance on Inter-personal Attraction in the Dating Situation," Journal of Psychology (pp. 313-327) | 1972 |
| | | | |
| | | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| Majid Banankhah | 01/23/08 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP § 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.